**Alex Boon, OSB #195761**
alex@nwjp.org
**Corinna Spencer-Scheurich, OSB # 130147**
corinna@nwjp.org
**D. Michael Dale, OSB # 771507**
michael@nwjp.org
Northwest Workers' Justice Project
310 SW Fourth Ave., Suite 320
Portland, Oregon 97204
Telephone: (503) 525-8454
Facsimile: (502) 946-3029

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **VIRGILIO CARVAJAL**, individual, <br><br> Plaintiff, <br><br> v. <br><br> **CAL FARMS, INC.,** an Oregon Domestic Business Corporation, <br><br> Defendant. | Civil No.: <br><br><br> COMPLAINT <br> DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1.     Virgilio Carvajal is an experienced farm worker who in 2019 and again in 2020 applied for work covered by Defendant's H-2A contracts during the "50% period." Mr. Carvajal was qualified for the jobs offered in those two contracts, but Defendant failed to employ him in the field in both seasons. Mr. Carvajal brings this action against Cal Farms, Inc. for violation of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 *et seq* (hereinafter AWPA); 42 U.S.C. § 1981; and Breach of Contract.

Page 1 — COMPLAINT

## II. JURISDICTION

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States United States, 29 U.S.C. § 1854(a), because it arises under AWPA and 42 U.S.C. § 1981, under 28 U.S.C. § 1337 as it arises under acts of Congress regulating commerce, and 28 U.S.C § 1343 as it is an action to recover damages and/or to secure equitable or other relief under an Act of Congress providing for the protection of civil rights.

3.     This Court has supplemental jurisdiction over the claim based on Oregon law pursuant to 28 U.S.C. § 1367, as it is so related to claims within the Court's original jurisdiction that it forms part of the same case or controversy under Article III of the Unites States Constitution.

4.     Venue is proper in the district of Oregon pursuant to 28 U.S.C. § 1391(b)(2) because Jefferson County is in this district and the events giving rise to Plaintiff's claims occurred in this district.

## III. PARTIES

5.     Virgilio Carvajal is a natural person who applied for jobs with Defendant in Madras, Jefferson County.

6.     At all times relevant to this action, Cal Farms, Inc. was an Oregon domestic business corporation with an agricultural farming operation located in Jefferson County. Its principal place of business is in Clackamas County.

## IV. FACTUAL ALLEGATIONS

7.     Defendant owns and operates an agricultural farm in Jefferson County, Oregon.

Page 2 — COMPLAINT

8. In 2019 and 2020, Defendant was an agricultural employer as that term is defined under 29 U.S.C. § 1802(2).

9. Mr. Carvajal is a U.S. citizen, and in 2019 and 2020 Mr. Carvajal was a seasonal agricultural worker under 29 U.S.C. § 1802(10)(A).

10. In 2019 and 2020, Defendant filed Applications for Temporary Employment Certification with the U.S. Department of Labor to bring temporary, non-immigrant foreign workers to work for it at various farm locations that it owns or operates in Madras, Oregon under the H-2A program.

11. The agricultural products produced at those Madras locations were produced for use in interstate commerce or for incorporation as an ingredient in products that could be anticipated to move in interstate commerce.

12. The U.S. Department of Labor approved Defendant's 2019 and 2020 H-2A applications.

13. As part of the H-2A application process Defendant filed job orders with the Oregon Employment Department.

14. The job orders contained the material terms and conditions of Defendant's job offers.

15. According to its job orders Defendant sought H-2A workers to perform work for it in Madras, with anticipated periods of employment from March 1, 2019, to December 15, 2019, and from April 5, 2020, to December 15, 2020. The 2019 job order was limited to Madras, while the 2020 job order included Madras and other locations.

16. During each season Defendant was required to provide employment to any qualified U.S. workers who applied for one of its H-2A jobs during the "50% period,"

*i.e.*, from the time the foreign workers departed for its Oregon jobs until 50 percent of the period of the work contract had elapsed. 20 C.F.R. § 655.135(a), (d).

17. In its 2019 and 2020 job orders covering the above-mentioned anticipated periods of employment, Defendant represented that it would hire qualified, eligible U.S. workers who applied for its H-2A jobs in the respective job orders during the first 50% of each contract period.

18. In March 2019, Mr. Carvajal applied for a job with Defendant to perform work covered by the 2019 job order.

19. In 2019 Mr. Carvajal was a qualified, eligible, U.S. worker.

20. In 2019, Mr. Carvajal applied before the 50% period had elapsed.

21. At the time that Mr. Carvajal applied for work covered by Defendant's 2019 job order, Defendant was required to hire all qualified, eligible, U.S. workers who applied for that job.

22. In June 2020, Mr. Carvajal applied for a job with Defendant to perform work covered by the 2020 job order.

23. In 2020, Mr. Carvajal was a qualified, eligible, U.S. worker.

24. In 2020, Mr. Carvajal applied before the 50% period had elapsed.

25. At the time that Mr. Carvajal applied for work covered by Defendant's 2020 job order, Defendant was required to hire all qualified, eligible, U.S. workers who applied for that job.

26. As part of the 2019 and 2020 H-2A applications, Defendant represented that it would comply with all applicable federal, state, and local laws, and that it would provide employment to any qualified U.S. workers who applied during the 50% period.

27. Defendant also represented that U.S. workers who applied for its H-2A jobs would be rejected only for lawful, job-related reasons, and that "those not rejected on this basis" would be hired. *See* 20 C.F.R. § 655.135(a).

28. Beyond payment for an interview or orientation in 2019, Defendant did not provide employment to Mr. Carvajal in either 2019 or 2020.

29. In 2019, Oregon Employment Department referred Mr. Carvajal to an H-2A job with Defendant.

30. According to the referral from Oregon Employment Department, candidates were strongly encouraged to apply in person at 984 NW Elm Lane, Madras Oregon.

31. Mr. Carvajal applied for the 2019 H-2A job with Defendant to which he had been referred by the Oregon Employment Department.

32. On or around March 19, 2019, Mr. Carvajal went to the address that Oregon Employment Department provided in its referral to apply for the H-2A job with Defendant.

33. Gerardo Villegas was at that address that day, and he was in charge of the workers there.

34. While at that address that day, Mr. Carvajal spoke with Gerardo Villegas about the job.

35. Mr. Carvajal communicated to Mr. Villegas that he wanted the job.

36. Mr. Villegas told Mr. Carvajal that he would receive a call about the job.

37. That day, Mr. Carvajal applied for the job by going to the address provided in Oregon Employment Department's referral and communicating to Mr. Villegas that he wanted the job.

38. Defendant did not hire Mr. Carvajal that day, and it did not provide him with a start date. Nor did Defendant tell Mr. Carvajal that he had been rejected.

39. After waiting for Defendant to call him back, Mr. Carvajal followed up with the State Monitor Advocate about available work with Defendant. Afterward, Defendant contacted Mr. Carvajal for an interview.

40. On or around April 13, 2019, Mr. Carvajal attended an interview with Defendant, where he signed employment documents provided by Defendant. Defendant told Mr. Carvajal that it would call him with a start date, probably the week after the interview.

41. Defendant did not call Mr. Carvajal with a start date the week after the April 13 interview or in the balance of April or May.

42. Defendant called Mr. Carvajal in June and told him it was ready for him to start working.

43. According to the 2019 job order, the H-2A workers were to start working that year on March 1.

44. By June of 2019, Mr. Carvajal had found work elsewhere, so he did not accept the job offered by Defendant.

45. On or around June 3, 2020, Oregon Employment Department referred Mr. Carvajal to an H-2A job in Madras with Defendant.

46. Mr. Carvajal applied for the job on around June 9, 2020, by calling Defendant.

47. Defendant did not interview Mr. Carvajal, and instead informed him that he had been rejected because Defendant deemed him a "no-call, no-show" based on the events of 2019.

48. Defendant hired dozens of temporary, non-immigrant H-2A workers in 2019 and 2020 in the positions for which Mr. Carvajal had applied.

49. Defendant, without justification, violated the working arrangements with Mr. Carvajal in violation of 29 U.S.C. § 1822(c).

50. Defendant treated Mr. Carvajal less favorably than it treated H-2A workers.

51. The basis of Defendant's disparate treatment was that Defendant preferred non-citizen H-2A workers over qualified U. S. citizen farm workers, such as Mr. Carvajal.

52. As a result of Defendant's actions Mr. Carvajal has experienced economic and non-economic loss, including but not limited to lost wages and emotional distress.

53. Mr. Carvajal has attempted in good faith to resolve the issues in dispute without litigation, as required by 29 U.S.C. § 1854(c)(2).

54. Mr. Carvajal has no adequate remedy at law.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF – AWPA

55. Defendant violated the terms of the working arrangement with Mr. Carvajal in violation of 29 U.S.C. § 1832(c) by failing to follow up with him in a

reasonably prompt time about the job offer in 2019, and by failing to employ him in field work in 2019 and failing to hire him in 2020.

56. Defendant knowingly violated the terms of the working arrangement with Mr. Carvajal in violation of 29 U.S.C. § 1832(c) by failing to follow up with him in a reasonably prompt time about the job offer in 2019, and by failing to employ him in field work in 2019 and failing to hire him in 2020.

## SECOND CLAIM FOR RELIEF – 42 U.S.C. § 1981

57. Defendant deprived Mr. Carvajal of an equal right to make and enforce contracts in violation of 42 U.S.C. § 1981.

58. According to its 2019 and 2020 job orders, Defendant requested 40 temporary, non-immigrant H-2A workers from the federal government to do farm work in Madras in 2019, and 95 non-immigrant H-2A workers for work in Madras and other locations in 2020.

59. Defendant hired some if not all of the non-immigrant H-2A workers it had requested in 2019 and 2020.

60. Mr. Carvajal is a U.S. citizen who applied for those H-2A jobs, but he was not hired.

61. Defendant engages in a pattern or practice in which it favors foreign, non-immigrant H-2A workers over local workers, including U.S. citizens such as Mr. Carvajal, in the hiring process.

62. Mr. Carvajal was harmed by that pattern or practice in 2019 and 2020 because he was not employed in Defendant's H-2A positions.

63. Defendant treated Mr. Carvajal less favorably in the hiring process than it treated non-immigrant H-2A workers on account of his citizenship status.

64. Defendant did not hire Mr. Carvajal on account of his citizenship status.

### THIRD CLAIM FOR RELIEF – Breach of Contract

65. The issuance of clearance orders in 2019 and 2020 by the U.S. Department of Labor created a contractual obligation to domestic workers who timely applied for work, including Mr. Carvajal.

66. Mr. Carvajal's interest in those contracts was breached when Defendant failed to hire him in 2019 and 2020, and when Defendant favored H-2A workers in the hiring process.

67. Mr. Carvajal suffered damages of approximately $9,888.22 under the 2019 clearance order, and $20,515.68 under the 2020 clearance order.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1. On Plaintiff's First Claim for Relief (AWPA), award Plaintiff actual damages or statutory damages of $500.00 per violation, whichever is greater, and injunctive relief pursuant to 29 U.S.C. § 1854(c)(1) ordering Defendant to comply with the AWPA, including but not limited to an order requiring Defendant promptly to hire qualified domestic workers after they apply for H-2A jobs, to communicate a start date to those workers at the time they are hired or soon afterwards, and to follow up promptly with qualified applicants with any changes to that start date;

2. On Plaintiff's Second Claim for Relief, discrimination under 42 U.S.C. § 1981, compensatory damages including back pay and emotional distress in an amount to be determined at trial but not less than $35,000;

3. On Plaintiff's Third Claim for Relief (contract) damages of $30,403.90.

4. Find that Plaintiff is the prevailing party and award Plaintiff reasonable attorney fees and costs under 42 U.S.C. § 1988(b).

5. Award Plaintiff pre-judgment interest and post-judgment interest as allowed by law; and

6. Award Plaintiff such other relief as this Court deems just and proper.

Respectfully submitted this 9th day of May, 2022.

/s Alex Boon
**Alex Boon, OSB #195761**
alex@nwjp.org
Northwest Workers' Justice Project
310 SW Fourth Ave, Suite 320
Portland, Oregon 97204
Telephone: (503) 525-8454
Fax: (502) 946-3029